UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

CASE NO.:

**4:20cv70-ALM-CAN**

JENNA STARR,

    Plaintiff,

v.

IDEAL IMAGE OF TEXAS, LLC,
RHONDA RAZ, SUMMER TAKKOUCH,
RACHEL FELDMAN,

    Defendant.

_____/



FILED

JAN 2 9 2020

Clerk, U.S. District Court
Eastern District of Texas

### Complaint

Jenna Starr ("Starr"), sues Ideal Image of Texas, LLC ("Ideal Image"), and in support, states as follows:

### NATURE OF CASE

1. This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA").

### JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1331, 28 U.S.C. 1367, and 29 U.S.C. 216(b).

### PARTIES

3. Starr is an individual and a citizen of the State of Texas residing in Collin County, Texas.

4. Ideal Image is a for-profit corporation organized and existing under the laws of the State of Texas, with its principal place of business at 770 S Dixie Hwy Ste. 200 Coral Gables, FL 33146. Ideal Image operates multiple locations within the State of Texas.

5. Rhonda Raz ("Raz") is an individual and a citizen of the State of Texas. Raz was Starr's supervisor at Ideal Image in Texas.

6. Summer Takkouch ("Takkouch") is an individual and a citizen of the State of Texas. Takkouch was Starr's supervisor at Ideal Image in Texas.

7. Rachel Feldman ("Feldman") is an individual and a citizen of the State of Illinois. Feldman was Starr's supervisor at Ideal Image in Texas.

## FACTS

8. In or about July 2015, Starr began her employment with Ideal Image.

9. During Starr's employment with Ideal Image, Raz exercised significant control over Ideal Image's operations, including but not limited to the authority to hire and fire employees, determine compensation, control over employment-related records, and similar powers with respect to operational control of Ideal Image's day-today functions.

10. During Starr's employment with Ideal Image, Takkouch exercised significant control over Ideal Image's operations, including but not limited to the authority to hire and fire employees, determine compensation, control over employment-related records, and similar powers with respect to operational control of Ideal Image's day-today functions.

11. During Starr's employment with Ideal Image, Feldman exercised significant control over Ideal Image's operations, including but not limited to the authority to hire and

fire employees, determine compensation, control over employment-related records, and similar powers with respect to operational control of Ideal Image's day-today functions.

12. During her employment, Starr regularly worked approximately 45 to 50 hours per work week, but was not compensated any overtime, all with actual and/or constructive knowledge of Ideal Image, Raz, Takkouch and Feldman.

13. During her employment, Starr was not paid for any overtime.

## COUNT I – FLSA UNPAID OVERTIME

14. Starr incorporates by reference, and as if fully restated herein, the allegations contained in Paragraphs 1-21 of the Complaint.

15. Ideal Image employs more than two individuals.

16. Ideal Image has an annual dollar volume of sales or business being done of at least $500,000.

17. Ideal Image is subject to the FLSA.

18. During Starr's employment with Ideal Image, Ideal Image was her employer, as that term is defined by the FLSA.

19. During Starr's employment with Ideal Image, Raz, Takkouch and Feldman were each considered her employer, as that term is defined by the FLSA.

20. During Starr's employment, she regularly and routinely worked more than forty (40) hours per work week, and was not paid for any or all minimum wage or overtime as a result of unlawful pay practices, policies, and procedures.

21. Ideal Image, Raz, Takkouch, and Feldman knew that Starr was not being compensated with respect to minimum wage or overtime.

22. Ideal Image, Raz, Takkouch, and Feldman failure to pay all owed minimum wage and overtime was intentional.

23. As a direct and legal consequence, Ideal Image Raz, Takkouch, and Feldman's failure to pay all minimum wage or any overtime, Starr has suffered damages.

WHEREFORE, Starr respectfully requests the following:

a. Enter judgment in her favor for unpaid minimum wage and overtime under the FLSA;

b. Award the full amount of any unpaid overtime, liquidated damages, and pre-judgment and post-judgment interest;

c. Award attorneys' fees and costs; and

d. Grant equitable relief declaring and mandating the cessation of the unlawful pay practices, policies and procedures; and

e. Grant such other and further relief as this Court deems just and proper.

I request a jury trial.

_____
Jenna Starr

9600 gaylord pkwy #2131
Frisco, TX 75035
972-974-0276